IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| **NORTHERN BOTTLING CO., INC.,** | ) | Case No. 4:15-CV-00133 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Judge Daniel L. Hovland |
| | ) | Magistrate Judge Charles S. Miller, Jr. |
| | ) | |
| **PEPSICO, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### PEPSICO, INC.'S MOTION FOR PROTECTIVE ORDER
### REGARDING PLAINTIFF'S RULE 30(b)(6) DEPOSITION NOTICE

Pursuant to Federal Rule of Civil Procedure 26(c) and District of North Dakota Local Rule 37.1(A), Defendant PepsiCo, Inc. ("PepsiCo"), through its counsel, respectfully submits this Motion for Protective Order Regarding Plaintiff's Rule 30(b)(6) Deposition Notice. In support of this Motion, PepsiCo states as follows:

1. On June 8, 2017, Plaintiff Northern Bottling Co., Inc. ("Northern") served Plaintiff's Notice of Taking 30(b)(6) Deposition of PepsiCo, Inc. (the "Notice"). The Notice contains nine Topics. PepsiCo objected to certain of the topics, including Topics 1, 2 and 8. Those topics seek the testimony of a PepsiCo corporate representative on the following subjects:

> Topic No. 1: All aspects of the PepsiCo Transshipment Enforcement Program, including its administration, documentation, amendments and modifications thereto, and including, for each year, the amount of fines imposed by name of payee. Time period: January 2003 through the present.
>
> Topic No. 2: Other than the Transshipment Enforcement Program, any and all policies, procedures, rules, regulations, plans, and actions promulgated and/or implemented by PepsiCo, Inc. for the purpose of preventing transshipment. Time period: January 2010 through the present.
>
> Topic No. 8: Litigation initiated by PepsiCo wherein PepsiCo was attempting to enforce a contractual restriction regarding sales of PepsiCo soft drink products outside of an exclusive territory. Time period: January 2010 to the present.

2.	PepsiCo does not object to producing a corporate representative to testify regarding information pertinent to any transshipment of Pepsi carbonated soft drink products into Northern's territory between 2012 and 2017, which would include a period extending back more than three years before the first transshipment giving rise to Northern's claims in this case. But PepsiCo does object to producing a witness to testify about PepsiCo's efforts to fight transshipments in geographic areas other than Northern's territory, or during the time period before 2012.

3.	The Parties met and conferred regarding the Notice on June 12, 2017, and on July 7, 2017. On June 12, PepsiCo's counsel Tom Quinn and Kevin Reidy explained PepsiCo's objections to the Notice to Northern's counsel Jim Ragain. On July 7, 2017, PepsiCo's counsel Tom Quinn and Kevin Reidy conferred with Northern's counsel Jim Ragain and Michelle Sullivan by telephone regarding PepsiCo's objections to the Notice.

4.	During these discussions, the Parties were able to resolve their issues except as to Notice topics 1-2, 5-6, and 8. Pursuant to the Court's rules, the Parties' sought a telephonic conference with the Court to address their discovery disputes.

5.	On July 14, 2017, Northern's counsel sent an email to the Court indicating that only Topics 1 and 2 of the Notice were at issue for purposes of the discovery teleconference with the Court. Ex. __. But the email also stated that the disputed Topics were highlighted in the attached Notice, and the highlighted topics included Topic 8. Accordingly, out of an abundance of caution, PepsiCo seeks a protective order limiting the scope of Topics 1, 2, and 8. Based on Northern's July 14, 2017 email, PepsiCo understands that Northern has acceded to PepsiCo's objections and has withdrawn Topics 5 and 6 from the Notice, and therefore does not seek a protective order as to those topics. PepsiCo reserves the right to do so if Northern subsequently attempts to pursue deposition testimony with respect to these two Topics.

6. For the reasons set forth in its accompanying Memorandum in Support of PepsiCo, Inc.'s Motion for Protective Order Regarding Plaintiff's Rule 30(b)(6) Deposition Notice, PepsiCo seeks a protective order limiting the scope of Topics 1, 2, and 8 to those subjects relating to transshipment of Pepsi carbonated soft drink products into Northern's territory between 2012 and the present.

WHEREFORE, PepsiCo respectfully requests that the Court enter an order granting PepsiCo's Motion for Protective Order Regarding Plaintiff's Rule 30(b)(6) Deposition Notice and limiting the scope of Topics 1, 2, and 8 to those subjects relating to transshipment of Pepsi carbonated soft drink products into Northern's territory between 2012 and the present.

Dated: July 28, 2017

/s/ Thomas B. Quinn
Patrick J. Ward
John E. Ward
ZUGER KIRMIS & SMITH
316 North 5th Street
P.O. Box 1695
Bismarck, ND 58502-1695

Thomas B. Quinn (*pro hac vice*)
Sondra A. Hemeryck (*pro hac vice*)
Kevin Reidy (*pro hac vice*)
Riley Safer Holmes & Cancila LLP Three
First National Plaza
70 West Madison Street, Suite 2900
Chicago, IL 60602
*Attorneys for Defendant PepsiCo, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2017, the following document:

PEPSICO'S MOTION FOR PROTECTIVE ORDER REGARDING PLAINTIFF'S RULE 30(b)(6) DEPOSITION NOTICE

was filed via CM/ECF which automatically generated notice of this filing to the following counsel of record:

| | |
|---|---|
| James Ragain<br>Ragain & Cook, PC<br>3936 Avenue B, Suite A-2<br>Billings, MT 59102<br>(406) 651-8888<br>jim@ragaincook.com | Michelle M. Sullivan<br>Sullivan Miller Law PLLC<br>3860 Avenue B, Suite C East<br>Billings, MT 59102<br>(406) 403-7066<br>michelle.sullivan@sullivanmiller.com |

Rodney Pagel
Pagel Weikum, PLLP
1715 Burnt Boat Dr., Madison Ste
Bismarck, ND 58503
(701) 250-1369
rpagel@pagelweikum.com

Patrick J. Ward
John E. Ward
ZUGER KIRMIS & SMITH
316 North 5th Street
P.O. Box 1695
Bismarck, ND 58502-1695
(701) 223-2711
(Telephone)
pward@zkslaw.com
jward@zkslaw.com

Dated this 28th day of July, 2017.

/s/ Thomas B. Quinn
Thomas B. Quinn (*pro hac vice*)
Riley Safer Holmes & Cancila LLP
Three First National Plaza
70 West Madison Street, Suite 2900
Chicago, IL 60602
Tel: 312-471-8700