IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Northern Bottling Co., Inc., | ) |
|       Plaintiff, | ) **ORDER GRANTING DEFENDANT'S** |
| | ) **MOTION FOR COSTS** |
| vs. | ) |
| | ) |
| PepsiCo, Inc., | ) Case No. 4:15-cv-133 |
| | ) |
|       Defendant. | ) |

Before the Court is the Defendant's "Motion for Cost Judgment" filed on December 27, 2019. See Doc. No. 129. The Plaintiff has not filed a response. For the reasons set forth below, the Defendant's motion is granted.

On October 19, 2018, the Defendant moved for summary judgment against the Plaintiff. See Doc. No. 86. On December 13, 2019, the Court granted the Defendant's motion. See Doc. No. 127. On December 27, 2019, the Defendant filed a motion for costs, seeking $15,637.05 for court reporter fees, copies of transcripts, and "things necessarily obtained for use in the case," and $120.00 for witness attendance fees, for a total of $15,757.05. See Doc. No. 129. To date, the Plaintiff has not filed a response. "An adverse party's failure to serve and file a response to a motion may be deemed an admission that the motion is well taken." D.N.D. L. Civ. R. 7.1(F).

The award of costs and fees is governed by Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. §§ 1821, 1920, and 1924. Rule 54(d)(1) provides in relevant part as follows:

> Costs Other Than Attorney's Fees. Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party. . . .

Fed. R. Civ. P. 54(d)(1). The Eighth Circuit Court of Appeals has explained Rule 54(d) "represents a codification of the presumption that the prevailing party is entitled to costs." Greaser v. State,

Dept. of Corrections, 145 F.3d 979, 985 (8th Cir. 1998).  District courts have significant discretion in awarding costs to the prevailing party.  Id. at 985; see Brisco-Wade v. Carnahan, 297 F.3d 781, 783 (8th Cir. 2002) ("Rule 54(d) gives the district court discretion not to award costs to the prevailing party. . . .").  Further, 28 U.S.C. § 1920 allows for the taxation of fees for printed or electronically recorded transcripts necessarily obtained for use in the case and witnesses fees.

The Court has carefully reviewed the Defendant's brief, the relevant case law, and the entire record.  The Court, in the broad exercise of its discretion under Rule 54(d), finds that the Defendant has sustained its burden and awards costs and disbursements to the Defendant in the amount of $15,757.05.  Pursuant to Local Rule 54.1, the Court directs the Clerk's Office to insert this amount in the judgment.

**IT IS SO ORDERED.**

Dated this 21st day of May, 2020.

/s/ Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court